NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINSON TREMAYNE JOHNSON, | No. 21-15954 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00080-GMS-JZB |
| v. | |
| DAVID SHINN, Director, Director of the A.D.O.C.R.R. at Central Office; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Vinson Tremayne Johnson, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process claims arising from a disciplinary hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).  We reverse and remand.

The district court dismissed Johnson's due process claims on the ground that the sanctions imposed on Johnson through the disciplinary proceeding finding him guilty of arson did not implicate Johnson's constitutionally protected interests. However, Johnson has a protected property interest in the $500 penalty levied against him.  *See Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (noting that an inmate's account funds are a protected property interest).  Moreover, Johnson alleged that the arson conviction resulted in a twelve-month term of maximum-security custody, involving solitary confinement for over twenty-three hours each day with almost no interpersonal contact and denial of most privileges afforded inmates in the general population.  *See Brown v. Or. Dep't. of Corr.*, 751 F.3d 983, 987-99 (9th Cir. 2014) (concluding a protected liberty interest existed where two-year term of detention in solitary confinement was imposed on a prisoner as a sanction for misconduct).  Liberally construed, these allegations are sufficient to warrant ordering defendants to file an answer.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (explaining that "where the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and [ ] afford the petitioner the benefit of any doubt" (citation and internal quotation marks omitted)); *see also Wolff v. McDonnell*, 418 U.S. 539, 566-69 (1974) (prisoner must be allowed to call witnesses and present documentary

evidence in his defense during disciplinary proceedings, unless limited exceptions apply).

Johnson's motions for appointment of counsel (Docket Entry No. 4), injunctive relief pending appeal (Docket Entry No. 5), and to expedite (Docket Entry Nos. 14 and 15) are denied as moot.

**REVERSED and REMANDED.**

21-15954